■ SANDO PARISI & SONS, INC., Appellant, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Order and judgment (one paper) entered June 6, 1968, affirmed, without costs and disbursements. We conclude that the Board of Review had authority to declare plaintiff in default under its contract for excavation and foundation work. The plaintiff was duly notified that "Pursuant to authority delegated to the Board of Review by the Board of Education", a meeting would be held by the Board of Review to consider a recommendation by the Director, Division of Design and Construction, that plaintiff "be declared in default" on his contract with the Board of Education. The plaintiff was also notified that the "decision of the Board of Review is final". A representative of the plaintiff and also a representative of the surety upon its performance bond, attended the hearing of the Board of Review and apparently there was no objection to the authority of the board to act in behalf of the Board of Education. On May 26, 1966, following the hearing, the Board of Review rendered its decision declaring the plaintiff in default, and it is noted that it is expressly provided in the contract that any action by the plaintiff on the contract was required to be commenced within six months "from the date" of the declaration that the contractor is in default (see arts. 67, 21). Concededly, the action was not commenced until April 19, 1967, long after the expiration of the prescribed six months' period. The plaintiff also contends that the contractual limitation period was not shown to have run because there was no proof of proper service upon it of notice of the adoption of a proper resolution declaring it in default or that, in any event, there was an issue of fact in this connection. It is noted that the contract does provide that the board declares the "Contractor to be in default * * * by having served upon The Contractor a copy of the resolution of The Board declaring The Contractor in default". (Art. 22.) There is further provision that service of notices on the contractor shall be by mail, the letter to be "deposited in a postpaid wrapper in any post office box regularly maintained or authorized by the post office". (Art. 2.) There was proof that a letter was prepared at the instance of and signed by the secretary of the Board of Education notifying the plaintiff and the surety of the default, and that such letter was processed according to the practice of the office of the secretary for mailing to the plaintiff and its surety. The surety received its letter and, although there is no proof supporting a matter of law holding that the letter addressed to the plaintiff was actually deposited in a postpaid wrapper in a post office box, it is clear, without the presence of an issue of fact, that the plaintiff did receive notice of the official declaration of default shortly after it was rendered. The purpose of the provisions of the contract for service upon plaintiff of a copy of a resolution of the board was obviously intended as a provision for notice to the contractor of the action of the board. Here, the plaintiff actually received notice and, inasmuch as under the provisions of the contract, as noted above, the limitation period ran from the date of the declaration of default, it is immaterial whether there was a mailing in the manner provided by the contract. Under the circumstances, we conclude that the trial court properly directed a verdict for the defendant. Concur — Eager, J. P., Capozzoli, Tilzer and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to reverse. The contract provided that the six-month limitation of time within which to commence an action would begin to run from the date that the Board of Education served upon the contractor-appellant a previously adopted resolution declaring the contractor in default. Concededly, the Board of Education never adopted such a resolution. The rights and obligations of the parties are defined by the con-

tract. A government contract must be interpreted like any other contract between private individuals. (*Hollerbach* v. *United States,* 233 U. S. 165, 171.) The Board of Education contends that it delegated its power to declare the contract in default to its Board of Review by adopting certain inter-departmental rules and regulations. A reading of the resolution does not reveal, however, any power to default a contractor; the Review Board is authorized to default " bidders ". Obviously, the plaintiff had long passed the stage of being a bidder and had become a party to and had entered into the performance of a binding contract. The requirement that the Board of Education serve a resolution adopted by it declaring the plaintiff in default was an essential condition precedent not met. The contract was prepared by the Board of Education. It would have been a simple matter to provide that the contractor could be declared in default by the Board of Review which, incidently, had been in existence long before the contract was entered into. The contract makes no reference whatever to the Board of Review. The terms of the contract severely limiting the time to commence the action not having been complied with, the Board of Education may not avail itself of the six-month limitation.